**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2824
_____

BIANCA MADELANE KARTERON,
                                        Appellant

v.

ANTHONY CHIESA, manager of One Stop Center; BARBARA MCCALISTER, quality
assurance inspector for NJ Depart. Human Service Office of Licensing;
NJ DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT;
ONE STOP CAREER SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:17-cv-08904)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2019

Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 16, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Bianca Karteron appeals pro se from the District Court's dismissal of her amended civil rights complaint. For the reasons that follow, we will affirm that decision.

I.

In 2015, Karteron filed a pro se complaint in the New Jersey Superior Court against the New Jersey Department of Human Services' Office of Licensing and the New Jersey Department of Labor and Workforce Development's ("DOL") One Stop Career Center ("One Stop"), raising claims that appeared to relate to her former employment with SODAT of New Jersey, Inc. ("SODAT"). The Superior Court ultimately dismissed that complaint for several reasons, the Superior Court's Appellate Division affirmed that judgment, and the New Jersey Supreme Court denied review.

Thereafter, Karteron filed a pro se civil rights complaint in the District Court. The complaint listed One Stop's manager (Anthony Chiesa) and a quality assurance inspector from the Office of Licensing (Barbara McCalister) as the defendants. About two weeks later, Karteron filed an amended complaint in the District Court, again listing Chiesa and McCalister as the defendants. The amended complaint alleged as follows. After Karteron was fired by SODAT in 2013, she could not find employment for three years. Employers blacklisted her, she "had no references from employers," and her "reputation as a [certified alcohol and drug counselor] was destroyed." (Am. Compl. 3.) Karteron became depressed and gained 40 pounds. McCalister told Karteron that "they allowed [SODAT] not to have to do the supervision policy so as to not have the agency be bogged down with needy workers." (Id.) Karteron claimed that McCalister "lied" to her and

2

"pr[o]tected" the DOL, and that Chiesa was negligent and "removed" her legal rights because there was "no lawyer outside Title One resources." (Id.) Karteron also claimed that "the unemployment office staff" never discussed certain legal remedies with her. (Id.) In light of these claims, Karteron sought over $2 million in damages and a $150,000 fine "for blocking Court Process." (Id. at 4.) In requesting that this fine be imposed, she claimed that "[the] New Jersey court system is a mistrial." (Id. (emphasis omitted).)

The New Jersey Attorney General's Office, acting on behalf of Chiesa, the DOL, and One Stop, moved to dismiss the amended complaint.[1] On August 7, 2018, the District Court granted that motion and dismissed the case in its entirety. In doing so, the District Court concluded that the amended complaint was barred by the Rooker-Feldman doctrine, Eleventh Amendment sovereign immunity, and res judicata, and that it was also subject to dismissal for improper service and for failure to plead a viable claim under Federal Rule of Civil Procedure 12(b)(6). This timely appeal followed.[2]

---

[1] Although Karteron's amended complaint listed Chiesa and McCalister as the only defendants, the District Court's docket listed the DOL and One Stop as additional defendants.

[2] Karteron has filed a motion to supplement the record, which appears to ask us to consider, inter alia, a transcript from her state-court proceedings. We hereby deny that motion, for she has not demonstrated that this case presents the type of exceptional circumstances that warrant supplementation. See Burton v. Teleflex Inc., 707 F.3d 417, 435-36 (3d Cir. 2013). We also deny her motion filed on September 5, 2019, which appears to ask us to direct McCalister "to place new evidence into the case." Karteron's motion for permission to file an amended supplemental appendix is granted in part; it is denied only to the extent that she seeks to include the state-court transcript in this supplemental appendix.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal order is plenary, see In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012), and we may affirm that order on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Two of the District Court's bases for dismissal involved jurisdictional bars — the Rooker-Feldman doctrine, see Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006), and Eleventh Amendment sovereign immunity, see Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996). We start our review there.

The Rooker-Feldman doctrine bars a federal court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To the extent that Karteron's amended complaint could be understood as claiming an injury caused by the New Jersey state courts' rulings in her earlier case (see Am. Compl. 4 ("New Jersey court system is a mistrial." (emphasis omitted))), and seeking federal-court review of those rulings, we agree with the District Court that such a claim falls within the scope of the Rooker-Feldman doctrine. However, it is evident from Karteron's amended complaint that she was also claiming injuries caused by the acts or omissions of Chiesa and McCalister (see id. at 3-4), and these claims are *not* barred by the Rooker-Feldman doctrine, see Great W.

4

Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010) (indicating that the doctrine does not apply "when the source of the injury is the defendant's actions (and not the state court judgments)").

Turning to the issue of sovereign immunity, we agree with the District Court that the Eleventh Amendment bars any claims brought against Chiesa and McCalister in their official capacities, see Karns v. Shanahan, 879 F.3d 504, 519 n.5 (3d Cir. 2018), as well as any claims that Karteron might have intended to raise against the state agencies, see MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001). That said, Karteron's amended complaint could liberally be construed as raising not only official-capacity claims against Chiesa and McCalister, but also *individual*-capacity claims against these defendants. And this latter set of claims is *not* barred by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991).

In sum, neither the Rooker-Feldman doctrine nor the Eleventh Amendment warranted dismissing Karteron's amended complaint in its entirety. But any cause of action in the amended complaint that was not subject to those jurisdictional bars was subject to dismissal for another reason — it simply failed to state a claim under Rule 12(b)(6).[3] "To survive dismissal [under Rule 12(b)(6)], 'a [pleading] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Karteron's vague, undeveloped allegations

---

[3] In light of this conclusion, we need not consider the District Court's remaining bases for dismissing Karteron's amended complaint (res judicata and improper service).

— that McCalister lied, that Chiesa was negligent and "removed" her legal rights, and that unidentified "unemployment office staff" did not discuss legal remedies with her — are insufficient to state a plausible claim against any of the defendants in this case. See Iqbal, 556 U.S. at 678 (indicating that a pleading that merely "tenders naked assertion[s] devoid of further factual enhancement" cannot survive a motion to dismiss (alteration in original) (internal quotation marks omitted)). Karteron has, of course, already filed an amended complaint in this case, and nothing in her opposition to the defendants' motion to dismiss or her appellate briefing indicates that affording her another opportunity to amend her complaint would enable her to plead a plausible claim for relief against the defendants in this case. Accordingly, there is no reason for us to conclude that the District Court erred in dismissing her case without granting her leave to amend. See Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017) (explaining that a district court need not grant leave to amend if doing so would be futile); cf. Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100, 113 (3d Cir. 2018) (concluding that amendment would be futile where the plaintiff-appellant "had already amended her complaint once and did not move to amend again or suggest what she might add").

In light of the above, we will affirm the District Court's dismissal of Karteron's amended complaint. To the extent that Karteron's briefing renews her request for appointment of counsel, that request is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).[4] Her briefing's request that we "[s]end th[is] case to the Supreme Court" is

---

[4] We denied her original request for counsel on April 2, 2019.

6

denied without prejudice to her ability to petition the United States Supreme Court for a writ of certiorari. To the extent that she seeks any other relief in this appeal, that relief is denied.